UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 17-cv-62186-WPD

JESSE GONZALEZ,

       Plaintiff,

v.

THE GEO GROUP, INC.,
A Florida Profit Corporation,

       Defendant.

_____/

## DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES

Defendant, The GEO Group, Inc. ("GEO" or "Defendant"), hereby files its Answer and Statement of Defenses to Plaintiff Jesse Gonzalez's ("Plaintiff) Complaint, as follows:

## INTRODUCTION

1.     Defendant admits that Plaintiff purports to bring an action for violation of the Florida Whistleblower Statute and Family and Medical Leave Act, but denies that Plaintiff can maintain an actionable claim and further denies that Plaintiff is entitled to any damages. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION

2.     The allegations in Paragraph 2 of the Complaint contain a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant admits that Defendant conducts business in Broward County, Florida. Defendant further admits for jurisdictional purposes only that this Court has jurisdiction over Plaintiff's claims, but denies the remaining allegations contained therein and demand strict proof thereof.

**PARTIES**

3.      Defendant admits only that Plaintiff was an employee of The GEO Group, Inc. in Broward County, Florida. The remaining allegations contained in Paragraph 3 are denied.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant is without sufficient knowledge to admit or deny the allegations regarding Plaintiff's residency, and therefore denies the allegations and demands strict proof thereof.  The remaining allegations contained in Paragraph 5 are denied.

6.      The allegations in Paragraph 6 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 6, except to admit that Plaintiff was employed by Defendant.

7.      The allegations in Paragraph 7 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in Paragraph 7.

8.      The allegations in Paragraph 8 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in Paragraph 8.

**FACTUAL ALLEGATIONS**

9.      Defendant admits Plaintiff worked at the Broward Transitional Center beginning in approximately May 2009, and that he was working as a Detention Officer when he was terminated in approximately August 2016. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits that Plaintiff filed a complaint with OSHA. The remaining allegations of Paragraph 13 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of Paragraph 13.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint and demands strict proof thereof.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 22 regarding whether or not Plaintiff was "upset," and therefore denies the allegations and demands strict proof thereof. Defendant admits that Plaintiff filed an incident report against his supervisor.

23.     Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint, except to admit that Plaintiff left the room during the course of his interview.

26.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 26, and therefore denies the allegations and demands strict proof thereof.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint, except Defendant admits that Plaintiff was found to have violated certain policies.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 32, and therefore denies the allegations and demands strict proof thereof.

33.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 33, and therefore denies the allegations and demands strict proof thereof.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 36, and therefore denies the allegations and demands strict proof thereof.

37.     Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 40 regarding Plaintiff securing a doctor's appointment, and therefore denies the allegations and demands strict proof thereof.  Defendant denies the remaining allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

4

42.     Defendant denies committing any actions "to prevent Plaintiff from exercising his rights under the FMLA." The remaining allegations in Paragraph 42 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies these allegations.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

## COUNT I – WHISTLEBLOWER CLAIM UNDER SECTION 448.102, FLORIDA STATUTES

44.     Defendant re-alleges and incorporates by reference its response to paragraphs 1-5, 8-24, 27-30 and 39 as though fully stated herein.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the *ad damnum* clause following Paragraph 46.

## COUNT II- FMLA INTERFERENCE/ RETALIATION

47.     Defendant re-alleges and incorporates by reference its response to paragraphs 1-7, 26, and 31-43 as though fully stated herein.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     The allegations in Paragraph 50 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies these allegations and demands strict proof thereof.

51.     The allegations in Paragraph 51 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies these allegations and demands strict proof thereof.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant admits Plaintiff demands a trial by jury.

Defendant denies that Plaintiff is entitled to any of the relief requested in the *ad damnum* clause following Paragraph 56.

Unless expressly admitted herein, Defendant denies each and every allegation contained in the Complaint.

## STATEMENT OF DEFENSES

As and for its further defenses, Defendant states as follows:

### First Defense

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's claims may be barred, in whole or in part, by his failure to satisfy all conditions precedent to bringing suit.

### Third Defense

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations or the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### Fourth Defense

Plaintiff's claims and/or alleged damages are barred on the grounds that, if Defendant made any decisions concerning Plaintiff that were based, in part, on grounds of unlawful

6

retaliation, which it did not, Defendant would have reached the same decision regardless of the alleged retaliation.

### Fifth Defense

Plaintiff's claims may be barred to the extent that discovery shows he engaged in misconduct prior to, during, or in connection with his employment, that otherwise would have resulted in his separation if such conduct were then known to Defendant.

### Sixth Defense

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate and/or cover his damages. Defendant is entitled to a set-off against Plaintiff's claim for damages in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

### Seventh Defense

Plaintiff's claim of retaliation, and/or claim for damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged retaliatory behavior, and/or the Plaintiff unreasonably failed to take advantage of the Defendant's preventative or corrective opportunities to otherwise avoid harm.

### Eighth Defense

Defendant has made good faith efforts to prevent retaliation in its workplace, and thus cannot be liable for the decisions of its agents to the extent the challenged employment decisions were contrary to its efforts to comply with anti-retaliation statutes.

### Ninth Defense

Plaintiff's claims for damages and other relief are subject to all applicable statutory caps and limitations, and constitutional limitations on damages.

**Tenth Defense**

Plaintiff's claims are barred to the extent any employment action involving Plaintiff was taken for lawful reasons other than Plaintiff's alleged exercise of rights under FMLA.

**Eleventh Defense**

Plaintiff's claims are barred to the extent any actions about which Plaintiff complaints were taken by Defendants in good faith and Defendants had reasonable grounds for believing that its actions were, at all times, in compliance with the FMLA and all applicable laws.

**Twelfth Defense**

Defendant reserves the right to amend or assert additional defenses as they arise throughout this litigation.

Dated this 15th day of November 2017.         Respectfully submitted,


                                              By: */s/ Patrick G. DeBlasio, III*
                                              Patrick G. DeBlasio III, Esq.
                                              Florida Bar No. 871737
                                              E-mail:  pdeblasio@littler.com
                                              Secondary:  btapia@littler.com
                                              Miguel A. Morel, Esq.
                                              Florida Bar No. 089163
                                              E-Mail:  mamorel@littler.com
                                              Secondary:  aeguiluz@littler.com
                                              LITTLER MENDELSON, P.C.
                                              Wells Fargo Center
                                              333 SE 2nd Avenue, Suite 2700
                                              Miami, FL 33131
                                              Telephone:  (305) 400-7500
                                              Facsimile:   (305) 603-2552

                                              *ATTORNEYS FOR DEFENDANT,*
                                              *THE GEO GROUP, INC.*


## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that on this 15th day of November 2017, filed a true and correct copy of the foregoing document with the Clerk of the Court via the CM/ECF System and a true and correct copy of the foregoing document was served on all counsel of record or pro se identified on the Service List via the CM/ECF System.


                                              By: */s/ Patrick G. DeBlasio, III*
                                                   Patrick G. DeBlasio III, Esq.


9

## SERVICE LIST

*ATTORNEYS FOR PLAINTIFF,*
*JESSE GONZALEZ*

Noah E. Storch, Esq.
Florida Bar No. 0085476
E-Mail:  noah@floridaovertimelawyer.com
Richard Celler, Esq.
Florida Bar No. 0173370
E-Mail:  Richard@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
David, FL 33314
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771

*ATTORNEYS FOR DEFENDANT,*
*THE GEO GROUP, INC.*

Patrick G. DeBlasio III, Esq.
Florida Bar No. 871737
E-mail:  pdeblasio@littler.com
Secondary:  btapia@littler.com
Miguel A. Morel, Esq.
Florida Bar No. 089163
E-Mail:  mamorel@littler.com
Secondary:  kljackson@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone:  (305) 400-7500
Facsimile:   (305) 603-2552

Firmwide:151117268.3 080853.1032