UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-cv-62186-WPD

JESSE GONZALEZ,

     *Plaintiff,*

v.

THE GEO GROUP, INC.,

     *Defendant.*

_____

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Defendant The GEO Group ("GEO or "Defendant")'s Motion for Summary Final Judgment, filed on October 26, 2018. [DE 17]. The Court has carefully considered the Motion, Response, Reply, the parties' statements of facts, the exhibits and affidavits filed in the record, and is otherwise fully advised in the premises.

### I.    Background

GEO is in the business is the privatized development and management of diversified correctional, detention, rehabilitation, and community reentry centers in the United States, and around the world. In the United States, GEO operates facilities in several states through contracts with the Federal Bureau of Prisons, the U.S. Marshals Service, Immigration and Customs Enforcement ("ICE"), and various state and local governments. GEO operates the Broward Transitional Center ("BTC"), which operates based on a contract awarded by ICE and provides a transitional center for short-term non-criminal and low security detainees.

Plaintiff Jesse Gonzalez ("Gonzalez" or "Plaintiff") was hired by GEO as a Detention Officer in 2009.  Detention Officers are responsible for overseeing and maintaining custody, care, and control of inmates or detainees, while enforcing GEO's rules, regulations, policies, and procedures and those of the contracting agency.  Detention Officers report to either a sergeant, a lieutenant, or a captain.  Apart from a one month assignment at a facility in Louisiana, Plaintiff worked exclusively out of GEO's BTC location in Pompano Beach, Florida.  On July 27, 2016, Warden Ziegler made the decision to terminate Plaintiff and started the termination process by submitting to Ms. Moody a Disciplinary Action Form and a Personnel Action Form requesting Plaintiff's dismissal for impeding an Office of Professional Responsibility ("OPR") investigation.  Plaintiff was employed by GEO until August of 2016.

On October 5, 2017, Plaintiff filed a Complaint against GEO in Florida state court, which was removed to federal court on October 26, 2018 pursuant to federal question jurisdiction. Therein, Plaintiff alleges that he was terminated unlawfully in violation of the Florida Whistleblower Act, § 448.102, Fla. Stat. ("FWA"), based on Plaintiff filing a formal complaint against GEO with OSHA for GEO management's inaction in response to a report he made that another Detention Officer threatened to inflict bodily harm upon Plaintiff while at work. Plaintiff also alleges that his termination constituted interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") because GEO group terminated him for attempting to take protected leave in violation of the FMLA.

## II.     Standard of Review

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the

absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

### III.    Discussion

In this case, Plaintiff is proceeding on two claims with regard to his alleged unlawful firing.  In his FWA claim, Plaintiff takes the position that he was terminated unlawfully from employment with GEO in violation of the FWA based on Plaintiff filing a formal complaint against GEO with OSHA for GEO management's inaction in response to a report he made that another Detention Officer threatened to inflict bodily harm upon Plaintiff while at work.  In his

FMLA claim, Plaintiff asserts that his termination constituted interference and retaliation under the FMLA as GEO terminated him for attempting to take protected FMLA leave.

The FWA was enacted "to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public." *Rutledge v. SunTrust Bank*, 262 Fed. Appx. 956, 958 (11th Cir. 2008) (*quoting Jenkins v. Golf Channel*, 714 So.2d 558, 563 (Fla. 5th DCA 1998)).  To establish a *prima facie* case of retaliation under the FWA, a plaintiff must demonstrate that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to the protected activity. *Kearns v. Farmer Acquisition Co.*, 157 So.3d 458, 462 (Fla. 2nd DCA 2015).  In addition, while the Court acknowledges a disagreement on this issue in the Florida state courts, it appears that the majority of courts to consider the issue require a prevailing FWA whistleblower employee to prove "that the activity, policy or practice objected to is, in fact, in violation of a law, rule or regulation, not merely that the employee reasonably believed that the actions he objected to were in violation of a law, rule, or regulation.[1] *See, e.g.*, *Ramirez v. Bausch & Lomb, Inc.*, No. 8:10-CV-2003-T-35TGW, 2015 WL 12805166, at *3 (M.D. Fla. Apr. 2, 2015). (explaining that this requirement is found in the text of Fla. Stat. § 448.102(3)).

"The purpose of the FMLA is to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." *Pennant v. Convergys Corp.*, 368 F. Supp. 2d 1307, 1309 (S.D. Fla. 2005) (citing 29 U.S.C. § 2601(b)(1)).  "The FMLA entitles employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." *Id.*; § 2601(b)(2).  "To prove FMLA

---

[1] A "[l]aw, rule, or regulation" is defined to include "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4).

interference, an employee must demonstrate that he was denied a benefit to which he was entitled under the FMLA." *Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1267–68 (11th Cir. 2008) (citing 29 U.S.C. § 2615(a)(1); *Strickland v. Water Works and Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206–07 (11th Cir. 2001)). "An employee need not "allege that his employer intended to deny the right; the employer's motives are irrelevant." *Id.* (*quoting Strickland*, 239 F.3d at 1208). An employee claiming FMLA retaliation "must show that his employer intentionally discriminated against him for exercising an FMLA right. *Id.* (citing 29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(c)). "Unlike an interference claim, an employee 'bringing a retaliation claim faces the increased burden of showing that his employer's actions were motivated by an impermissible retaliatory or discriminatory animus.'" *Id.* (*quoting Strickland*, 239 F.3d at 1207.

In this case, GEO argues that it is entitled to summary judgment as a matter of law on the following grounds: (1) the decision-makers in this case had no knowledge of Plaintiff's alleged complaint to OSHA or any other protected activity prior to terminating his employment; (2) Plaintiff's request for FMLA paperwork came after the warden made the decision to terminate his employment for impeding an investigation; (3) Plaintiff never submitted to GEO the required FMLA paperwork for the leave at issue; and (4) Plaintiff cannot establish that GEO's reason for terminating his employment were pretextual. The Court will address each argument, in turn.[2]

First, GEO argues that Plaintiff's *prima facie* case of retaliation under the FWA fails because Warden Ziegler, the decision-maker in this case regarding Plaintiff's termination, had no knowledge or suspicion of Plaintiff's alleged complaint to OSHA or any other protected activity prior to terminating his employment. Therefore, GEO asserts, as a matter of common sense and

---

[2] The Court will not address any arguments raised for the first time in GEO's reply brief. See *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005).

settled law, Plaintiff cannot meet his burden of showing retaliation, as a "decisionmaker cannot have been motivated to retaliate by something unknown to him." *Brungart v. Bellsouth Tel. Inc.*, 231 F.3d 791, 799 (11th Cir. 2000). *See also Harris v. Corr. Corp. of Am.*, 139 F. App'x 156, 159 (11th Cir. 2005) ("To establish a causal connection, a plaintiff must show that 'the *decision-makers were aware of the protected conduct*' and 'that the protected activity and the adverse employment action were not wholly unrelated.") (citation omitted) (emphasis added).  Here, upon a consideration of the record, the Court disagrees with GEO that it is undisputed in this case that Warden Ziegler had no knowledge or suspicion that Plaintiff filed a complaint with OSHA until well after Plaintiff's termination.  Plaintiff has introduced evidence that would allow a reasonable jury to conclude that Warden Ziegler knew of his formal complaint to OSHA as early as January of 2016, several months prior to Plaintiff's July 27, 2016 termination. Accordingly, the Court will deny GEO's summary judgment on the FWA claim with regard to the issue of the decision-maker's knowledge.

GEO also contends that, even assuming that Plaintiff can establish that Warden Ziegler was aware that Plaintiff had filed a complaint with OSHA, it is entitled to summary judgment as to the FWA claim because Plaintiff did not engage in a protected activity under the FWA, as he cannot establish that the matters he complained of constitute a violation of a law, rule, or regulation.  *See* Fla. Stat. 448.102(3) ("An employer may not take any retaliatory personnel action against an employee because the employee has: ... (3)[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.").  The Court disagrees with GEO.  Plaintiff has introduced evidence to support his claim that GEO failed to promptly take action to ensure that Plaintiff would not have to continue working alongside Officer Torres, the GEO employee who had threatened bodily harm against

Plaintiff while at work, during the pendency of the investigation into Torres' threat of workplace violence against Plaintiff.  Pursuant to 29 U.SC. § 654, "Each employer-- (1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. § 654(a)(1).[3]  Plaintiff reporting this failure to OSHA is sufficient to constitute statutorily protected activity under the FWA.

Next, GEO contends that it is entitled to summary judgment as to Plaintiff's FMLA interference/retaliation claim for failure to establish a *prima facie* claim because Plaintiff's request for FMLA paperwork came after Warden Ziegler made the decision to terminate his employment for impeding an investigation and, therefore, Plaintiff cannot establish that the decision-maker, Warden Ziegler, was aware of the protected conduct at the time of the adverse employment action.  *See, e.g.*, *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999) ("At a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action.").  Again, as with the FWA claim, the Court finds that there are genuine issues of disputed fact precluding summary judgment on the issue of Warden Ziegler's knowledge at the time he made the decision to terminate Plaintiff's employment.   Plaintiff has introduced sufficient evidence to allow a reasonable jury to conclude that Warden Ziegler knew of Plaintiff was going to be seeking leave pursuant to the FMLA prior to Warden Ziegler's July 27, 2016 decision to terminate Plaintiff's employment, including but not limited to evidence that Plaintiff communicated this information to Warden Ziegler personally in Warden Ziegler's office prior to July 27, 2016.  Accordingly, the Court will deny GEO's summary judgment on the FMLA claim with regard to the issue of the

---

[3] Plaintiff cites to this statute in his response in opposition to GEO's summary judgment motion. *See* [DE 30] at p. 11.  GEO's reply fails to address the applicability of this statute. *See* [DE 35].

decision-maker's knowledge.

GEO also contends that, even assuming that Plaintiff can establish that Warden Ziegler was aware that Plaintiff was pursuing FMLA leave, it is entitled to summary judgment on the FMLA interference claim because Plaintiff fails to establish an entitlement to leave under the FMLA based on his mere request for FMLA paperwork, as Plaintiff never submitted to GEO the required FMLA paperwork for the leave at issue.  GEO's argument appears to be a red herring, as Plaintiff never claims that his eligibility for FMLA leave was based upon requesting FMLA paperwork.  Defendant does not otherwise dispute that Plaintiff was FMLA eligible and that he could have timely submitted his completed FMLA documents to GEO prior to the deadline had he not been fired by GEO after notifying it that he was seeking FMLA leave.

Lastly, GEO contends that it is entitled to summary judgment on both the FWA and FMLA retaliation claims because Plaintiff cannot establish that GEO's reason for terminating his employment were pretextual.  If the plaintiff presents a *prima facie* case of retaliation, the burden shifts to the defendant to articulate a legitimate non-retaliatory reason for its adverse employment action.[4] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000).  If the defendant meets its burden, the burden shifts back to the plaintiff to establish that the defendant's articulated reasons are pretextual. *Id.*  In response to the summary judgment motion, Plaintiff introduces evidence that precludes the Court from determining as a matter of law that GEO is entitled to summary judgment in its favor regarding the issue of retaliation in Plaintiff's FWA and FMLA retaliation claims.  This includes, *inter alia,* evidence of close temporal proximity between the protected actions and the adverse employment action, *see Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361,

---

[4] Absent direct evidence of retaliatory intent, the court applies the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

1364 (11th Cir. 2007), and evidence sufficient to permit a reasonable jury to decide that that GEO's articulated reason for firing Plaintiff, that he failed to cooperate with an investigation, was "not the real reason[] for the adverse employment decision." *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006). Accordingly, summary judgment shall be denied as to this issue.

### IV. Conclusion

Viewing the evidence in the light most favorable to Plaintiff, the nonmoving party, the Court determines that there are numerous genuine issues of material fact which must be determined by the factfinder, precluding summary judgment.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 17] is **DENIED**;

2. The parties are reminded that the joint pretrial stipulation must be filed on or before January 4, 2019.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of December, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record